OPINION
{¶ 1} Brett A. Newman was indicted with one count of domestic violence, a felony of the fourth degree, arising out of the assault of his live-in girlfriend on March 19, 2005. Newman moved to dismiss the charge, arguing that it violated the so-called Defense of Marriage amendment to the Ohio Constitution, ArticleXV, Section 11. On July 11, 2005, the court overruled the motion. Newman subsequently entered a plea of no contest to the domestic violence charge. The court found him guilty and sentenced him to community control sanctions. Newman appeals.
 {¶ 2} Newman's sole assignment of error is as follows:
 {¶ 3} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS AND CONVICTING APPELLANT OF DOMESTIC VIOLENCE AS SUCH PROSECUTION AND CONVICTION VIOLATES ARTICLE XV, SECTION 11 OF THE OHIO CONSTITUTION."
 {¶ 4} Newman claims that the trial court erred when it found that R.C. 2919.25 was constitutional as it applies to persons living as spouses and denied his motion to dismiss.
 {¶ 5} It is undisputed that Newman and the victim lived together for a period of time, but that they were never married and they did not have any children together. Accordingly, based on the record, the victim was a "person living as a spouse" under R.C. 2919.25.
 {¶ 6} This court has recently determined that, to the extent that R.C. 2919.25 extended its protection to "a person living as a spouse," it was rendered unconstitutional by the Defense of Marriage amendment, which became effective on December 2, 2004.State v. Ward, 166 Ohio App.3d 188, 2006-Ohio-1407, ___ N.E.2d ___. For the reasons set forth in Ward, Newman's argument is meritorious.
 {¶ 7} The assignment of error is sustained.
 {¶ 8} The judgment of the trial court will be reversed and the cause remanded for further proceedings consistent with this opinion.